DECISION.
{¶ 1} Appellant Paul H. Chapman appeals the sentence imposed following the revocation of his community control. Chapman had pleaded guilty to two charges of failing to support his two minor children. The trial court imposed community-control sanctions and ordered him to "keep current with all current and back support." It also informed him that he would violate his community-control sanctions if he missed two or more payments. Chapman failed to make his child-support payments. At the revocation hearing, he pleaded no contest to the violations. The trial court sentenced Chapman to consecutive sentences of 11 months for the offenses.
{¶ 2} In his appeal, Chapman raises four assignments of error. He contends that the trial court erredabused its discretion by (1) imposing consecutive sentences, (2) finding that he was under community control at the time of the underlying offenses, (3) imposing a prison term without finding one of the factors under R.C. 2929.13(B), and (4) imposing a prison term not specifically selected at the original sentencing hearing. We sustain Chapman's first two assignments and overrule the remainder.
{¶ 3} Under R.C. 2929.15(B), a trial court may impose a prison term for a violation of community-control sanctions pursuant to R.C.2929.14. In order to impose consecutive sentences under R.C. 2929.14(E)(4), a sentencing court must find "that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he or she poses to the public. The trial court must also find at least one of the following: (1) when the offender committed the multiple offenses, he or she was awaiting trial or sentencing or was under post-release control, (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct, or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future harm by the offender."[1] In this case, the sentencing court failed to find that consecutive sentences were not disproportionate to the seriousness of Chapman's conduct and the danger that he posed to the public. Thus, we sustain Chapman's first assignment.
{¶ 4} In his second assignment, Chapman argues that the trial court wrongly found that he was under a community-control sanction when the underlying offenses were committed. In this case there were two felony-sentencing worksheets completed. The first was completed for the original sentencing hearing where Chapman was given community-control sanctions; and it indicated that Chapman was on community control when the "offense was committed." The second was completed for the community-control revocation hearing; and it stated that Chapman was on community control "when the offense was committed." There is nothing in the record to support the trial court's finding that Chapman was under community control at the time he committed the underlying offenses.
{¶ 5} R.C. 2929.14(E)(4)(a) states that, in order to impose consecutive sentences, the court must find that "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense." "[W]hile the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense," does not refer to the time of the community-control violation. If it did, every violation of community-control sanctions imposed for multiple offenses would permit consecutive sentences. This cannot be the intent of the legislature. We sustain Chapman's second assignment.
{¶ 6} In his third assignment, Chapman argues that, before imposing a prison term, the sentencing court had to find one of the factors contained in R.C. 2929.13(B)(1)(a) through (i). But a court may impose a prison sentence for a fifth-degree felony even if it fails to find one of the factors, when "it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control pursuant to R.C. 2929.13(B)(1)."[2] To make its determination that imprisonment is consistent with the purposes of felony sentencing, the court must consider the seriousness and recidivism factors under R.C. 2929.12 and any other relevant factors.[3] While we note in this case that the trial court improperly considered (1) that Chapman's relationship with his children facilitated his offense, because nonsupport of a dependent by its nature necessarily requires a relationship between the offender and the victim,[4] and (2) that, under R.C. 2929.12(D)(1), he was under a type of community control when he committed his offenses, there were sufficient proper findings to support the trial court's conclusion that imprisonment was appropriate. We overrule Chapman's third assignment.
{¶ 7} In his fourth assignment, Chapman contends that because the trial court failed to select a specific prison term from the range of potential prison terms applicable to the offenses for which he was convicted, he could not have been imprisoned. At the sentencing hearing, the trial court informed Chapman that it would impose the maximum sentence for the two offenses and would impose consecutive sentences for an aggregate term of two years. While it was improper to impose consecutive sentences, it was not improper to inform Chapman that if he violated community control, the court would impose the maximum sentence, which the court indicated was one year for each offense. This indicated the specific term that could be imposed, as required under R.C.2929.19(B)(5) and 2929.15(B). The court ultimately decided to impose an 11-month sentence for each offense. We overrule Chapman's fourth assignment.
{¶ 8} The trial court properly sentenced Chapman to 11 months in prison for each offense. The trial court erred by ordering the sentences to be served consecutively. Thus, we modify the trial court's sentence by making the 11-month sentences imposed for his nonsupport offenses concurrent rather than consecutive. Therefore, the judgment of the trial court is affirmed as modified.
Judgment affirmed as modified.
Gorman and Sundermann, JJ., concur.
[1] See State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983, at ¶ 9, citing R.C. 2929.14(E)(4).
[2] See State v. Brewer (Nov. 24, 2000), 1st Dist. No. C-000148.
[3] R.C. 2929.12(A).
[4] See State v. Howard (Sept. 11, 1998), 1st Dist. No. C-971049.